## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FARM FAMILY CASUALTY INSURANCE COMPANY, | Case No. 1:21-CV-1555 |
| Plaintiff, | |
| v. | **COMPLAINT FOR** |
| | **DECLARATORY JUDGMENT** |
| PENNSAUKEN ASSOCIATES, LLC. d/b/a COUNTRY WAY BRIDAL, | |
| Defendant. | |

## COMPLAINT

Plaintiff, FARM FAMILY CASUALTY INSURANCE COMPANY, by their attorneys, SHAFER PARTNERS LLP, 125 Maiden Lane, 16th Floor, New York, New York alleges for its Complaint as follows:

## NATURE OF ACTION

1.      This is a claim for declaratory judgment pursuant to 28 U.S.C § 2201. FARM FAMILY CASUALTY INSURANCE COMPANY seeks a judicial determination regarding its rights, obligations, and duties to the PENNSAUKEN ASSOCIATES, LLC d/b/a COUNTRY WAY BRIDAL under a Farm Family Casualty Insurance Company Select Business Package Insurance Policy with respect to coverage for business income loss and extra expenses (as described below)

## PARTIES

2.      FARM  FAMILY  CASUALTY  INSURANCE  COMPANY  ("Plaintiff"  or "Farm Family") is an insurance company organized under the laws of the State of New York with its principal place of business at 344 ROUTE 9W, GLENMONT, NY 12077, USA.

3.      PENSAUKEN  ASSOCIATES  LLC  d/b/a  COUNTRY  WAY  BRIDAL ("Defendant" or "Pennsauken") is a company organized under the laws of the State of New Jersey with its principal place of business at 220 KINGS HWY E, HADDONFIELD, NJ, 08033.

4.      Farm Family is a corporation engaged among other things in the sale and issuance of insurance policies providing insurance coverage to their insureds.

5.      Pennsauken is a limited liability company that is engaged among other things in the operation of a retail bridal shop.

6.      This Court has Subject Matter Jurisdiction over this matter because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy is over Seventy-Five  Thousand  Dollars  ($75,000.00)  under  28  U.S.C.  §  1332.  This  Court  has personal jurisdiction over Defendant because Defendant is licensed to do business and does business in the State of New Jersey. Venue is proper as the defendant is domiciled in the District of New Jersey and substantial amount of the events giving rise to this action occurred in the District of New Jersey.

## UNDERLYING LOSS

7.     Upon information or belief, throughout the year of 2020 the government of the State of New Jersey required certain businesses to close or limit operations in effort to contain the spread of the COVID-19 virus between humans ("State Mandates").

8.     Upon information or belief, Pennsauken was a certain business that was required to close or limit operations in an effort to contain the spread of the COVID-19 virus between humans as a result of the State Mandates.

9.     Upon information or belief, Pennsauken was affected by required closures or limitations placed on the use of 200 Kings Highway E, Haddonfield, NJ 08033 because of the State Mandates. ("Underlying Loss").

10.     Upon information or belief, Pennsauken has incurred or will in the future incur substantial costs as a result of the Underlying Loss.

## THE INSURANCE POLICY

11.     Pennsauken, for valuable consideration, purchased a Farm Family Select Business Package Insurance policy from Farm Family. This policy, No. 2901X3842 ("the Policy"), provides coverage for, among other things, first party commercial property coverage including additional coverage for loss of business income, actions of civil authority, extra expense, and extended loss of business income. All coverage provided by Farm Family to Pennsauken is subject to the terms, conditions, limitations, exclusions, endorsements, declarations, and schedules within the Policy. A Certified copy of the policy is annexed hereto as **Exhibit "A"**.

### *A. Policy Declarations*

12.    Pursuant to the declarations of the Policy, the Policy lists as "First Named Insured" the following "PENNSAUKEN ASSOCIATES LLC DBA COUNTY WAY BRIDAL" with an address of "200 KINGS HIGHWAY E [,] HADDONFIELD [,] HADDONFIELD, NJ, 08033-1905" with a "Business Description" of "BRIDAL SHOP-RETAIL" and states "IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THE POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY". See **Exhibit "C"** declaration pages, page 6.

13.    Pursuant to the declarations of the Policy, the Policy had a policy period from October 11, 2019 to October 11, 2020.  See **Exhibit "C"** declaration pages, page 6.

14.    Pursuant to the declarations of the Policy, the Policy has the following policy limits relating to "Property Coverage" as provided within the Policy: zero dollars and zero cents ($0.00) for "Buildings"; one hundred and fifty-seven thousand dollars and zero cents ($157,000.00) for "Business Personal Property"; and "Actual Loss Sustained Not Exceeding 12 months" for Business Income and Extra Expense. See **Exhibit "A"**.

15.    Pursuant to the declarations of the Policy, the Policy lists under "CLASSIFICATION SCHEDULE" as "Premises #1" the following location "200 Kings HWY E HADDONFIELD, HADDONFIELD, NJ 08033-1905". See **Exhibit "A"**.

### B. Available Policy Coverages

16.    Pursuant to the terms of the Policy, and as provided by law, Farm Family is only obligated to provide coverage to Pennsauken, subject to the following language found within "SECTION I – PROPERTY", "A. Coverage", of the Policy:

"We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Cover Cause of Loss" ("General Coverage Provision"). See **Exhibit "A"**.

Such coverage is also subject to any other terms, conditions, limitations, exclusions and endorsements within the Policy.

17.    Pursuant to the terms of the Policy, and as provided by law, Farm Family is only obligated to provide coverage to Pennsauken for "Covered Property", pursuant to the following language found within SECTION I – PROPERTY", "A. Coverage", "1. Covered Property", of the Policy:

"Covered Property includes Buildings as described under Paragraph a. below, Business Personal Property as described under Paragraph b. below, or both depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph 2. Property Not Covered."

…

"a. Buildings, means the buildings and structures at the premises described in the Declarations…"

…

"b. Business Personal Property located in or on the buildings or structures at the described premises or in the open (or in a vehicle) within 100 feet of the buildings or structures or within 100 feet of the Premises as described in the Declarations" ("Covered Property Provision").  See **Exhibit "A"**.

Subject to any other terms, conditions, limitations, exclusions and endorsements within the Policy.

18.    Pursuant to the terms of the Policy, and as provided by law, Farm Family is only obligated to provide additional coverage to Pennsauken for "Business Income", pursuant to the following language found in "SECTION I – PROPERTY", "A. Coverage", "5. Additional Coverages", "f. Business Income", "(1) Business Income" of the Policy:

"We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration'. The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss." ("Business Income Provision"). See **Exhibit "A"**.

Subject to any other terms, conditions, limitations, exclusions and endorsements within the Policy.

19.    Pursuant to the terms of the Policy, and as provided by law, Farm Family is only obligated to provide additional coverage for "Extended Business Income" to Pennsauken, pursuant to the following language found in "SECTION I – PROPERTY", "A. Coverage", "5. Additional Coverages", "f. Business Income", "(2) Extended Business Income" of the Policy:

"If the necessary suspension of your operations produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that: (i) begins on the date property except finished stock is actually repaired, rebuilt or replaced and 'operations' are resumed; and (ii) Ends on the earlier of i. The date you could restore your "operation, with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or ii. 60 consecutive days after the date determined in Paragraph (a)(i) above, unless a greater number of consecutive days is shown the Declarations. However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located. (b) Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss." ("Extended Business Income Provision"). See **Exhibit "A"**.

Subject to any other terms, conditions, limitations, exclusions and endorsements within the Policy.

20.    Pursuant to the terms of the Policy, and as provided by law, Farm Family is only obligated to provide additional coverage to Pennsauken for "Extra Expense", pursuant to the following language found in "SECTION I – PROPERTY", "A. Coverage", "5. Additional Coverages", "g. Extra Expense" of the Policy:

"(1) We will pay necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if thee had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Cover Cause of Loss… (2) Extra Expense means expense incurred: (a) to avoid or minimize the suspension of business and to continue 'operations': (i) At the described premises; or (ii) At replacement premises or at temporary locations, including relocation expenses, and cost to equip and operate the replacement or temporary locations. (b) To minimize the suspension of business if you cannot continue 'operations'. (c) To: (i) Repair or replace any property; or (ii) Research, replace or restore the lost information on damaged 'valuable papers and records' to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or Additional Coverage f. Business Income….". ("Extra Expense Provision"). See **Exhibit "A"**.

Subject to any other terms, conditions, limitations, exclusions and endorsements within the Policy.

21.    Pursuant to the terms of the Policy, and as provided by law, Farm Family is only obligated to provide additional coverage to Pennsauken for "actions of Civil

Authority", pursuant to the following language found in "SECTION I – PROPERTY", "A. Coverage", "5. Additional Coverages", "i. Civil Authority", of the Policy:

> "When a Covered Cause of Loss Causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both the following apply: (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but not more than one mile from the damaged property; and (2) the action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property."

….

> "Civil Authority Coverage for Business Income will begin 72 hours after the time of the first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began. Civil Authority Coverage for necessary Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end: (1) Four consecutive weeks after the date of that action; or (2) When your Civil Authority Coverage for Business Income ends; whichever is later."

…

"The definitions of Business Income and Extra Expense Additional Coverages also apply to this Civil Authority Additional Coverage. The Civil Authority Additional Coverage is not subject to the Limits of Insurance of Section I– Property". ("Civil Authority Provisions"). <u>See</u> **Exhibit "A"**.

Subject to any other terms, conditions, limitations, exclusions and endorsements within the Policy.

## <u>CLAIM PRESENTMENT AND DISPOSITION</u>

22.    It is alleged at all times hereinafter, that Farm Family received a correspondence from Pennsauken dated October 23, 2020, wherein Pennsauken informed Farm Family that Pennsauken sought coverage for a loss under the Policy ("Notice of Claim"). A copy of the Notice of Claim is annexed hereto as **Exhibit "B"**.

23.    That the Notice of Claim alleged Pennsauken had "suffered losses arising form COVID-19 which are covered under" the Policy.

24.    That on or about December 7, 2020 Farm Family sent Pennsauken, via their attorney, a certified copy of the Policy and requested Pennsauken submit further information or supporting documentation for the claim.

25.    That on or about January 7, 2021, Farm Family sent a correspondence to Pennsauken via certified mail with a coverage determination regarding the coverage

afforded, if any, under the Policy for the Underlying Loss ("Coverage Determination"). A copy of the Coverage Determination is annexed hereto as **Exhibit "C"**.

26.    That in the Coverage Determination Farm Family notified Pennsauken that there was no applicable coverage for the Underlying Loss.

27.    That Farm Family referenced specific policy provisions as a basis of its finding of no coverage and also reserved its rights to base a coverage determination on portions of the Policy which were not referenced in the Coverage Determination but which were applicable or relevant to the facts of the Underlying Loss.

28.    That at all times hereinafter, Pennsauken and Farm Family disagree on the extent of coverage afforded for the Underlying Loss under the Policy.

29.    That at all times hereinafter, there exists a live controversy between Pennsauken and Farm Family as a result of the diverging coverage positions taken by both parties in the Notice of Claim and Coverage Determination regarding the extent of coverage afforded for the Underlying Loss under the Policy.

30.    That due to said live controversy, Farm Family is entitled to have the Policy interpreted in a reasonable manner that accords with the clear and unambiguous language of the Policy and that accords with the rights and obligations undertaken by Farm Family per the specific terms and conditions contained within the Policy

31.    That a declaratory judgment pursuant to N.J. Stat. § 2A:16-51 from this Court that is binding on both parties establishing the rights and obligations of Farm Family and Pennsauken under the Policy is necessary to resolve said live controversy between Farm Family and Pennsauken.

## COUNT I: CLAIM FOR DECLATORY JUDGMNET
(NO COVERED CAUSE OF LOSS)

32.     That the allegations contained in paragraphs "1" through "31" of this complaint are incorporated and realleged as if fully set forth herein.

33.     That upon information or belief, Pennsauken seeks coverage for losses of business income, extended business income, extra expenses, and losses due to actions of civil authority under the Policy due to its compliance with State Mandates enacted by the State of New Jersey to limit the spread of COVID 19 from human to human.

34.     That Farm Family is under an obligation to provide coverage for losses of business income, extended business income, extra expenses, and losses due to actions of civil authority under provisions of the Policy as excerpted in paragraph "16" (General Coverage Provision), paragraph "18" (Business Income Provision), paragraph "19" (Extended Business Income Provision), paragraph "20" (Extra Expense Provision) and paragraph "21" (Civil Authority Provision) of this complaint.

35.     That provisions of the Policy as excerpted in paragraph "16" (General Coverage Provision), paragraph "18" (Business Income Provision), paragraph "19" (Extended Business Income Provision), paragraph "20" (Extra Expense Provision) and paragraph "21" (Civil Authority Provision) of this complaint all require the existence of a "Covered Causes of Loss" for coverage to be afforded pursuant to said provisions within the Policy.

36.     That pursuant to the terms of the Policy, under "SECTION I – PROPERTY", "A. Coverage", "3. Covered Causes of Loss", the "Covered Causes of Loss" are as:

"3. Direct physical loss unless the loss is excluded or limited under Section I – Property". See **Exhibit "A"**.

37.    That upon information or belief, Pennsauken's compliance with State Mandates to limit the spread of COVID 19 from human to human, including but not limited to any required closures or limitations on the use of property by Pennsauken, was not a "Direct physical loss" as required to be a "Covered Cause of Loss" under the policy.

38.    That losses of business income, extended business income, extra expenses, and losses due to actions of civil authority caused by or resulting from Pennsauken's compliance with State Mandates to limit the spread of COVID 19 from human to human, including losses sustained due to closures or limitations of use resulting therefrom,  are not within the scope of coverage afforded under the Policy pursuant to provisions of the Policy as excerpted in paragraph "16" (General Coverage Provision), paragraph "18" (Business Income Provision), paragraph "19" (Extended Business Income Provision), paragraph "20" (Extra Expense Provision) and paragraph "21" (Civil Authority Provision) of this complaint.

39.     That due to the forgoing, Farm Family is not obligated to provide coverage to Pennsauken, under the Policy, for any losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority arising from the "Underlying Loss" under the policy.

**WHEREFORE**, Plaintiff FARM FAMILY CASUALTY INSURANCE COMPANY requests a declaration made by this Court that claims for losses sustained as a result of compliance with New Jersey State Mandates meant to limit the spread of COVID 19 made

by Defendant, PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL do not fall within the scope of the term "direct physical loss" and thus do not qualify as "Covered Causes of Loss",  and that FARM FAMILY CASUALTY INSURANCE COMPANY is not obligated to cover and or otherwise indemnify PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL under the Farm Family Casualty Insurance Policy No. (Policy No.)  for said losses.

## COUNT II: DECLARATORY JUDGMENT
### (CIVIL AUTHORITY EXCLUSION)

40.     That the allegations contained in paragraphs 1 through 39 of this complaint are incorporated and realleged as if fully set forth herein.

41.     That the Policy contains the following language under "Section I– Property", "B. Exclusions" which states:

"1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area."

42.     That pursuant to the language excerpted above, "Section I– Property", "B. Exclusions, "1." "a. Ordinance Or Law" excludes losses or damage under the Policy caused by the following:

"(1) The enforcement of any ordinance or law: (a) Regulating the construction, use or repair of any property…"

…

"(2) This exclusion, Ordinance Or Law, applies where the loss results from: (a) An ordinance or law that is enforced even if the property has not been damaged; or (b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property or removal of its debris, following a physical loss to that property." ("Ordinance or Law Exclusion")

43.    That upon information or belief, loss of business income, loss of extended business income, extra expenses, and losses due to actions of civil authority claimed by Pennsauken under the Policy were caused by the enforcement of the State Mandates to limit the spread of COVID 19 from human to human.

44.    That upon information or belief, the State Mandates are or were an ordinance or law that regulated the use of property owned, operated, maintained, leased, used or rented by Pennsauken.

45.    That upon information or belief, the enforcement of the State mandates qualifies as an ordinance or law that is enforced even if the property has not been damaged as required closures or limitations on use resulting therefrom were not due to property damage.

46.    That the cause of losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority sustained by Pennsauken trigger the Ordinance or Loss Exclusion.

47.    That the Ordinance or Loss Exclusion excludes coverage for the Underlying Loss.

48.     That due to the forgoing, Farm Family is not obligated to provide coverage to Pennsauken, under the Policy, for any losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority arising from the "Underlying Loss" under the policy.

**WHEREFORE**, Plaintiff FARM FAMILY CASUALTY INSURANCE COMPANY requests a declaration made by this Court declaring that claims for losses sustained as a result of compliance with New Jersey State Mandates meant to limit the spread of COVID 19 made by Defendant, PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL are excluded under the "Ordinance or Law Exclusion" found within Farm Family Casualty Insurance Policy No. 2901X3842,  and that FARM FAMILY CASUALTY INSURANCE COMPANY is not obligated to cover and or otherwise indemnify PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL under the Farm Family Casualty Insurance Policy No. 2901X3842  for said losses and such other further and different relief as this Court deems just, proper, and equitable.

## COUNT III: DECLARATORY JUDGMENT
### (VIRUS OR BACTERIA EXCLUSION)

49.     That the allegations contained in paragraphs "1" through "48" of this complaint are incorporated and realleged as if fully set forth herein.

50.     That the Policy contains the following language under "Section I– Property", "B. Exclusions":

"1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that

contributes concurrently or in sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area."

51.     That pursuant to the above language within the Policy, "Section I– Property", "B. Exclusions, "1." "j. Virus Or Bacteria" of the Policy provides that losses or damage caused by the following are excluded from coverage:

"(1) Any Virus, bacterium or other microorganism that induces or is capable of inducing physical distress illness or disease…" ("Virus or Bacteria Exclusion")

52.     That upon information or belief, that the enactment of the State Mandates to limit the spread of COVID 19 from human to human were caused directly or indirectly by the COVID 19 Virus, a virus.

53.     That upon information or belief, losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority sustained by Pennsauken arise directly or indirectly from compliance with said State Mandates caused directly or indirectly by a virus.

54.     That, the losses of business income, losses of extended business income, extra expenses, or losses of business income due to civil authority for which Pennsauken seeks coverage are excluded via the "Virus and Bacteria Exclusion" within the Policy.

55.     That due to the forgoing, Farm Family is not obligated to provide coverage to Pennsauken, under the Policy, for any losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority arising from the "Underlying Loss" under the policy.

**WHEREFORE**, Plaintiff, FARM FAMILY CASUALTY INSURANCE COMPANY requests a declaration made by this Court declaring that claims for losses sustained as a result of compliance with New Jersey State Mandates meant to limit the spread of COVID 19 made by Defendant, PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL are excluded under the "Virus and Bacteria Exclusion" found within Farm Family Casualty Insurance Policy No. 2901X3842, and that FARM FAMILY CASUALTY INSURANCE COMPANY is not obligated to cover and or otherwise indemnify PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL under the Farm Family Casualty Insurance Policy No. 2901X3842 for said losses.

## <u>COUNT IV: DECLARATORY JUDGMENT</u>
### (CONSEQUENTIAL LOSSES EXCLUSIONS)

56.     That the allegations contained in paragraphs 1 through 55 of this complaint are incorporated and realleged as if fully set forth herein.

57.     That the Policy contains the following language under "Section I– Property", "B. Exclusions":

"We will not pay for loss or damage caused by or resulting from any of the following:"

<u>See</u> **Exhibit "A"**.

58.     That pursuant to the above language, "Section I-Property", "B. Exclusions", "2.", "b. Consequential Loss" within the Policy excludes losses or damage caused by or resulting from the following:

"Delay, loss of use or loss of market" ("Consequential Loss Exclusion"). <u>See</u> **Exhibit "A"**.

59.     That additionally, "Section I– Property", "B. Exclusions", "5. Business Income and Extra Expense Exclusions" of the Policy as amended by additional endorsement form "SB 00 28 12 12" provides:

"a. We will not pay for:"

…

"(2) Any of other consequential loss, including but not limited to delay of market, latent defect and quarantine." ("Any Other Consequential Loss Exclusion"). See **Exhibit "A"**.

60.     That upon information or belief, losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority sustained by Pennsauken due to Pennsauken's compliance with State Madidates to limit the spread of COVID-19, including but not limited to any losses caused by required closures or limitations placed on the use of property resulting therefrom, were a result of loss of use.

61.     That upon information or belief, losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority caused by the Underlying Loss is a claim to pay for consequential losses including quarantine.

62.     That, the losses of business income, losses of extended business income, extra expenses, or losses of business income due to civil authority for the Underlying Loss which Pennsauken seeks coverage are excluded via the Consequential Loss Exclusion and or the Any Other Consequential Loss Exclusion.

63.    That due to the forgoing, Farm Family is not obligated to provide coverage to Pennsauken, under the Policy, for any losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority arising from the "Underlying Loss" under the policy.

**WHEREFORE**, Plaintiff, FARM FAMILY CASUALTY INSURANCE COMPANY requests a declaration made by this Court declaring that claims for losses sustained as a result of compliance with New Jersey State Mandates meant to limit the spread of COVID 19 made by Defendant, PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL are excluded under the "Consequential Losses" and "Any Other Consequential Losses" provisions found within Farm Family Casualty Insurance Policy No. 2901X3842,  and that FARM FAMILY CASUALTY INSURANCE COMPANY is not obligated to cover and or otherwise indemnify PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL under the Farm Family Casualty Insurance Policy No. 2901X3842  for said losses and grant such other and different relief as this Court may deem just and proper.

### COUNT V: CLAIM FOR DECLARATORY JUDGMENT
(ACTS OR DECISIONS EXCLUSION)

64.    That the allegations contained in paragraphs "1" through "63" of this complaint are incorporated and realleged as if fully set forth herein.

65.    That the Policy contains the following language under "Section I– Property", "B. Exclusions":

"3. We will not pay for loss or damage caused by or resulting from any of the following Paragraphs a. through c. But if an excluded cause of loss that is listed in Paragraphs a. through c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Coverage Cause of Loss." <u>See</u> **Exhibit "A"**.

66.     That pursuant to the above language within the Policy, "Section I– Property", "B. Exclusions, "3." "b. Acts Or Decisions" of the Policy provides that losses or damage caused by or resulting from the following are excluded unless they result in a "Covered Cause of Loss":

"Acts or decisions including the failure to act or decide, of any person, group, organization or government body." ("Acts Or Decisions Exclusion"). <u>See</u> **Exhibit "A"**.

67.     That upon information or belief, that the enactment of the State Mandates to limit the spread of COVID 19 from human to human was an act or decision of the State of New Jersey, a governmental body.

68.     That upon information or belief compliance with State Mandates to limit the spread of COVID 19 from human to human, including but not limited to any required closures or limitations placed on the use of property resulting therefrom, did not result in "direct physical damage" as required for a result of act or decision of a governmental body to be a "Covered Cause of Loss" and exempted from exclusion under the Acts Or Decisions Exclusion.

69.     That losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority sustained by

Pennsauken due to their compliance with State Mandates to limit the spread of COVID 19 from human to human, including but not limited to required closures and limitations placed on the use of property resulting therefrom, trigger the Acts Or Decisions Exclusion.

70.    That, the Underlying Loss is excluded via the Acts Or Decisions Exclusion within the Policy.

71.    That due to the forgoing, Farm Family is not obligated to provide coverage to Pennsauken, under the Policy, for any losses of business income, losses of extended business income, extra expenses, or losses of business income due to actions of civil authority arising from the "Underlying Loss" under the policy.

**WHEREFORE**, Plaintiff, FARM FAMILY CASUALTY INSURANCE COMPANY requests a declaration made by this Court declaring that claims for losses sustained as a result of compliance with New Jersey State Mandates meant to limit the spread of COVID 19 made by Defendant, PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL are excluded under the "Acts Or Decisions Exclusion" found within Farm Family Casualty Insurance Policy No. 2901X3842, and that FARM FAMILY CASUALTY INSURANCE COMPANY is not obligated to cover and or otherwise indemnify PENNSUAKEN ASSOCIATES LLC d/b/a COUNTRY WAY BRIDAL under the Farm Family Casualty Insurance Policy No. 2901X3842 for said losses, along with such other and different relief as this Court deems, just, proper and equitable.

Dated:        New York, NY
              February 1, 2021

*Yours, etc.*,

s/Howard S. Shafer/

_____

HOWARD S. SHAFER(HS-5101)
SHAFER PARTNERS LLP
Attorneys for Plaintiff
FARM FAMILY CASUALTY INSURANCE
COMPANY
125 Maiden Lane, 16th Floor
New York, NY 10038-3202
(212) 267-0011
Our File:  602-00133